THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALBIZU-MERCED, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>**Defendant.** | **CIVIL NO.** 11-1969(JAG) |

**OPINION & ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by the Puerto Rico Electric Power Authority ("PREPA"). For the reasons stated below, this motion is hereby **GRANTED IN PART AND DENIED IN PART.**

**BACKGROUND**

The complaint stems from an inspection conducted by PREPA personnel on Plaintiffs Juan Albizu-Merced, Maria E. Martinez and the conjugal partnership comprised between them ("Plaintiffs") property in 2009. According to the complaint, the workers entered Plaintiffs' property without his consent, informing Mr. Albizu that he could not leave until they finished

the inspection. The personnel then removed the power meter and installed a new one. They informed Mr. Albizu that he would need to install a new column, "as the existing meter was too far from the external part of the plot where the house is located and could not be read without penetrating into the property." (Docket No. 11, p. 3).

Sometime later, Plaintiffs were notified that a complaint had been filed against them "for undue use of electrical services," and that a hearing would be held at the offices of PREPA. Mr. Albizu appeared at the PREPA offices on the scheduled date, but was told that he needed an attorney to proceed. Mr. Albizu was given time to retain an attorney, was told that he "would receive a notice of the time and place of the hearing in the administrative case," and was then asked to leave. (Docket No. 11, p. 3). Nevertheless, Plaintiffs allege they never received notice of the time and place of the re-scheduled administrative hearing.

The hearing was held without Plaintiffs' presence and a final resolution was reached. Among other things, the administrative court held that "PREPA had been deprived of an amount in use of electricity in excess of $9,000.00, and that once penalties and interest were applied PREPA was owed an amount in excess of $12,000.00." (<u>Id.</u> at p. 4). Plaintiffs

received notice of this resolution by mail. Plaintiffs sought reconsideration of the administrative court's resolution, but the same was denied. As a result, PREPA suspended service to Plaintiffs' home on March 2011. According to the complaint, the electricity has yet to be restored.

Plaintiffs then filed the instant action, alleging constitutional and state law violations by Puerto Rico's electric power company PREPA. Plaintiffs claim that PREPA violated their constitutional rights by suspending their electrical service, attempting to collect a $12,000 debt, and requiring them to build a column to install an electrical meter, all without due process.

## STANDARD OF LAW

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-

pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. See Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

## DISCUSSION

Before pressing on, several preliminary matters must be addressed. The Court notes that while the amended complaint hints at constitutional violations stemming from sources other than the Fourteenth Amendment, these are only mentioned in a

perfunctory manner.[1] The three counts charged in the complaint are simply titled "Deprivation of Plaintiffs' Fourteenth Amendment Rights." (Id. at p. 5-7). Most importantly, Plaintiffs concede in their opposition to PREPA's motion to dismiss that "no claims other than due process claims are before" this Court. (Docket No. 27, ¶ 20; see also Id. at ¶ 6). Because the language pertaining to such claims appears to be used solely for poetic effect, the Court will (in an abundance of caution) dismiss the same without prejudice.

Plaintiffs also use language that seems to hint at a substantive due process claim under the Fourteenth Amendment. (See Docket No. 11, Count I ¶ 3: stating that Defendant's violations of Plaintiff's due process rights is shocking to the conscience). Nonetheless, the Court finds the complaint insufficient to sustain this type of claim, as it would require Plaintiffs to allege that "the government conduct was, in and of itself, inherently impermissible irrespective of the availability of remedial or protective procedures." Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 30 (1st Cir. 2008). Needless to say, terminating Plaintiffs' electrical service

---

[1] See, e.g., Docket No. 11: Defendant's actions violated Plaintiffs' "rights to free speech," (Count I ¶ 1); their "rights to assemble peasably [sic] under the First Amendments [sic]," (Count II, ¶ 1); and their "civil rights to privacy" (Count III, ¶ 1).

falls far short of the "brutal" and "demeaning" conduct necessary to configure a substantive due process claim. Id. Remaining, then, is Plaintiffs' procedural due process claim under the Fourteenth Amendment, and their claims under state law.

I.   Procedural Due Process

To prevail on a procedural due process claim under 42 U.S.C. § 1983, Plaintiffs must prove they were deprived of a "property interest by defendants acting under color of state law and without the availability of a constitutionally adequate process." Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 29 (1st Cir. 2008).[2] Property rights are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 86 (1st Cir. 2004)(citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). Once the property interest has been identified, due process requires that the right to notice and a hearing "be granted at a meaningful time and in a meaningful manner." Fuentes v. Shevin, 407 U.S. 67, 80 (1972).

---

[2] Puzzlingly, nowhere do Plaintiffs mention 42 U.S.C. § 1983. This is the correct vehicle through which constitutional claims may be levied against the Commonwealth of Puerto Rico. The Court reads the complaint as grounded implicitly on this statute.

    a. <u>Property Interest</u>

PREPA challenges the notion that Plaintiffs have, as consumers, any property interest in continued utility service. Caselaw from the Supreme Court holds otherwise. In <u>Memphis Light, Gas and Water Division v. Craft</u>, 436 U.S. 1 (1978), the Supreme Court stated – without much discussion – that a customer's property interest in continuous utility service "is self-evident." <u>Id.</u> at 18. Thus, the Supreme Court found that "some administrative procedure" was necessary to entertain consumer complaints prior to suspension of those essential services. It is hardly disputable that electrical service falls under one of these "necessit[ies] of modern life." <u>Id.</u>

PREPA offers various arguments that are easily rebutted. For instance, PREPA contends that there is no constitutional right to electricity service because consumers have to sign a contract, pay for the service, and abide by PREPA's rules. PREPA cites no authority for its position, and it appears that such an argument is nothing more than a red herring. Plaintiffs do not claim to have a right to receive free or unchecked electrical service. Rather, they claim that as paying customers, they were entitled to some administrative hearing before they were cut from the grid.

**CIVIL NO.** 11-1969(JAG)                                                          8

In their reply to Plaintiffs' opposition, PREPA backtracks from its original position that there is no constitutional right to continued utility service. Instead, PREPA contends that all it "needed to do [before terminating Plaintiffs' service] was to adequately appraise Mr. Albizu Merced of the threat of termination of the service and the availability to present his objections." (Docket No. 32, p. 4). Of course, this implies that there is a property interest in continued utility service. Accordingly, PREPA's motion to dismiss on grounds that Plaintiffs have not alleged a cognizable property interest is DENIED.

    b. <u>Due Process</u>

PREPA's stronger argument is that it provided Plaintiffs with notice and an opportunity to be heard. PREPA buttresses this argument with more than ten attachments to its motion to dismiss. These tend to show that Plaintiffs were provided with notice, that a hearing was held without their presence, and that a final resolution was reached on the matter. (<u>See</u> attachments to Docket No. 19). Plaintiffs, on the other hand, deny that they were notified of the hearing, or that they received any summons. (<u>See</u> Docket No. 11, ¶ 11). Plaintiffs also filed an affidavit to that effect. (<u>See</u> Docket No. 34-1).

Because both parties reference documents that fall outside the pleadings, and because these materials are arguably necessary to determine whether due process was actually given, the Court finds that dismissal at this juncture is improper. While the Court could, in its discretion, convert PREPA's motion to dismiss into one for summary judgment, the Court considers that further factual development is necessary for the just disposition of this case. Accordingly, the better alternative is to await a properly filed motion under Rule 56. See Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1230 (11th Cir. 1990). Therefore, PREPA's motion to dismiss is denied on this ground as well.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** PREPA's motion to dismiss. The only federal claim remaining in this case is Plaintiffs' procedural due process claim under § 1983 and the Fourteenth Amendment. Further, the Court elects to retain supplemental jurisdiction over Plaintiffs' state law claims.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of January, 2013.

S/ Jay A. Garcia-Gregory

JAY A. GARCIA-GREGORY
United States District Judge