IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALBIZU-MERCED, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> THE PUERTO RICO ELECTRIC POWER AUTHORITY <br><br> **Defendant.** | CIVIL NO. 11-1969(JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Before the Court are a Motion in Limine to Exclude Evidence and Witnesses filed by Juan Albizu-Merced and Maria E. Martinez (collectively "Plaintiffs"), (Docket No. 134), and a Motion for Reconsideration under Fed. R. Civ. P. 59 filed by the Puerto Rico Electric Power Authority ("PREPA" or "Defendant"). (Docket No. 141). For the reasons stated below, the Motion in Limine is hereby **DENIED** and the Motion for Reconsideration is hereby **GRANTED**.

Since the factual background of this case was already discussed in the Opinion and Order denying Defendant's Motion for Summary Judgment, (Docket No. 131), the Court will proceed directly to the legal analysis and discussion of the two pending motions.

**DISCUSSION**

**A. Plaintiffs' Motion in Limine**

Plaintiffs ask this Court to exclude Defendant's witnesses, Marisabel Cordero-Bigay and Teresa Mercado-Roman, and their respective testimonies. (Docket Nos. 134, 143). Plaintiffs argue that the witnesses and their testimonies should be excluded because they were not identified in a timely fashion as required in Fed. R. Civ. P. 26(a)(3). Id.

Rule 26(a)(3) establishes that parties must identify those witnesses that they expect to use, as well as disclose any relevant evidence that they may present at trial. Failure to do so means that the nondisclosing party will be unable to use the witnesses "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts have broad discretion to determine whether the late disclosure is harmful or unjustified for purposes of Rule 37(c)(1). See, e.g., S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992).

The First Circuit has indicated "that the focus of a preclusion inquiry is mainly upon surprise and prejudice, *including the opponent's ability to palliate the ill effects stemming from the late disclosure*." Thibeault, 960 F.2d 239, 246 (1st Cir. 1992) (citing Johnson v. H.K. Webster, Inc., 775 F.2d

1, 7 n.7 (1st Cir. 1985)) (emphasis added). Among the factors to be considered as part of this preclusion inquiry are "the conduct of the trial, the importance of the evidence to its proponent, and the ability of the [opposing] party to formulate a response." Licciardi v. TIG Ins. Grp., 140 F.3d 357, 363 (1st Cir. 1998) (quoting Johnson, 775 F.2d at 8)). District courts in other circuits have also considered: (1) the surprise to the opposing party; (2) the possibility that the testimony would disrupt the trial; and (3) the explanation for the late disclosure. See, e.g., S. States Rack And Fixture, Inc., 318 F.3d at 595-96 (listing several factors that should guide district courts in carrying out the Rule 37(c)(1) exclusion analysis); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (listing and explaining the various factors to be applied in an exclusion analysis).

There is no question that Defendant's failure to identify the witnesses violated Rule 26(a)(3). As to whether Defendant's late disclosure was either justified or harmless, the Court recognizes that this is admittedly a close question and finds that the factors weigh slightly in favor of Defendant. First, the testimony of the witnesses is essential to Defendant's legal theory and, arguably, the most important piece of evidence in this case. As it will be discussed below, the main issue underlying Plaintiffs' due process claim is whether the

notifications of the September 16, 2010 and the December 8, 2010 orders were sent and mailed to Plaintiffs. The sworn statements of Ms. Cordero-Bigay and Ms. Mercado-Roman indicate that they both prepared and signed such notifications, which were then sent by regular mail to Plaintiffs. (Docket No. 142; Exs. 1-2). This testimony is a key piece of evidence that is particularly important and relevant to this case.

Second, the use of these witnesses should not come as too much of a surprise to Plaintiffs. Defendant had already produced the notification of the September 16 Order as signed by Ms. Cordero-Bigay and the notification of the December 8 Order as signed by Ms. Mercado-Roman. (Docket No. 26; Exs. 8, 13). Consequently, Plaintiffs had knowledge of the existence of both witnesses and their relationship to the notifications.

Third, to the extent that Plaintiffs have been prejudiced by the late disclosure of Defendant's witnesses, Plaintiffs had "ample time to cope with any surprise or depose the witness[es]." Zoltek Corp. v. United States, 71 Fed. Cl. 160, 169-70 (2006) (citing Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co., 270 F.Supp.2d 875, 879 n.1 (S.D. Tex. 2003); Wechsler v. Hunt Health Sys., Ltd., 198 F.Supp.2d 508, 527 (S.D.N.Y. 2002); Bellinger v. Deere & Co., 881 F.Supp. 813, 817 (N.D.N.Y. 1995)). When Defendant decided to identify the witnesses, there were still five months prior to trial. Instead

of asking the Court for leave to take these two simple depositions, Plaintiffs moved to reschedule the trial to an earlier date. (Docket No. 140). It follows that Plaintiffs were not really interested in coping with the prejudice that could have stemmed from Defendant's late disclosure.

In conclusion, given the importance of the testimony and Plaintiffs' "ability to palliate the ill effects stemming from the late disclosure," the Court finds that exclusion of the evidence is unwarranted and inappropriate under these circumstances. Thibeault, 960 F.2d at 246; see also Zoltek Corp., 71 Fed. Cl. at 169-70 (finding that the "[e]xclusion of evidence is an extreme sanction and should be applied only when lesser sanctions are inadequate.") (citations omitted).

Nonetheless, the Court also finds that Defendant did not provide an adequate justification for its failure to comply with Rule 26(a)(3). Defendant had sufficient opportunity and knowledge to identify both witnesses during discovery, and, thus, its procrastination cannot be excused. Consequently, as an alternative to exclusion, the Court will award Plaintiffs the costs for bringing the Motion in Limine and for responding to Defendant's Motion for Reconsideration, which relied in great part upon the testimony of both witnesses. See Fed. R. Civ. P. 37(c)(1) (providing for other sanctions to be awarded for Rule 26 violations).

**B. Defendant's Motion for Reconsideration**

Defendant has filed a motion for reconsideration of this Court's denial of Defendant's Motion for Summary Judgment. (Docket No. 141). Defendant, *inter alia*, argues that: (1) Plaintiffs were precluded from filing the present suit in federal court because they failed to appeal the Administrative Judge's Resolution before the Puerto Rico Court of Appeals; (2) PREPA had no further obligation of verifying or confirming receipt of the orders by Plaintiffs; and, finally, (3) Plaintiffs were indeed notified of both the September 16 and December 8 orders. Id.

PREPA's first argument misunderstands the nature of lawsuits filed under 42 U.S.C. § 1983. Contrary to Defendant's allegations, Plaintiffs are not seeking judicial review of PREPA's administrative determination. Instead, the crux of Plaintiffs' claim is the denial of their federally protected rights, i.e., the right not to be deprived from electricity without due process of law. It is well established that Plaintiffs bringing suit under § 1983 are not required to exhaust administrative remedies. Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496, 498 (1982); see also Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 259 (1st Cir. 1987) (rejecting the argument that a section 1983 suit "should not have been permitted . . . in federal court because of the

availability of an appeal within the Puerto Rico administrative and judicial apparatus."). Since the whole idea of § 1983 was to create a right of action that provides immediate judicial access to the federal courts, Plaintiffs need not first seek relief from state and local authorities. Id. Consequently, this federal forum is available to Plaintiffs to seek redress for any potential violations of their federally protected rights.

Defendant, however, is entitled to judgment as a matter of law because the deprivation of electricity complied with the Fourteenth Amendment's due process of law guarantee. Procedural due process requires both fair notice of impending state action and an opportunity to be heard, each of which is a separate feature governed by different standards. See Dusenbery v. United States, 534 U.S. 161, 168 (2002) (providing the standard for the notice requirement); Mathews v. Elridge, 424 U.S. 319, 333 (1976) (providing a three-prong test for the opportunity to be heard, which is related to the adequacy of the process provided).

As to the first feature, notice "must be *reasonably calculated*, under all the circumstances, to apprise interested parties of the pendency of the action" or deprivation. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (emphasis added). Whenever the interested party's identity is known or reasonably ascertainable, such as in this case, the

effort must be reasonably calculated to effect actual notice. Id. 339 U.S. at 315. Actual notice, however, is not constitutionally required. See Jones v. Flowers, 547 U.S. 220, 234-35 (2006) ("Due process does not require that a property owner receive actual notice before the government may take his property."); see also Dusenbery, 534 U.S. at 168 (2002). Instead, due process is met whenever notice "is in itself reasonably certain to inform those affected" or, "where conditions do not reasonably permit such notice, . . . the form chosen is not substantially less likely to bring home notice than other of feasible and customary substitutes." Mullane, 339 U.S. at 315.

Since actual notice is not required, Plaintiffs' assertion that they did not receive any notification of the Adjudicative Hearing and of the Administrative Judge's denial of Plaintiffs' motion for reconsideration is irrelevant for purposes of their due process claim. Defendant has met its burden of showing that it provided notice reasonably calculated to effect actual notice when it sent the notifications via regular mail. Defendant has provided this evidence in the form of the notifications that were filed and mailed to Plaintiffs and the sworn statements of Ms. Cordero-Bigay and Ms. Mercado-Roman. (Docket No. 142; Exs. 1-2). These sworn statements show that the notifications of the orders were prepared and sent via regular mail according to the

established procedure of PREPA's Clerk's Office of Adjudicative Proceedings. Id.

Plaintiffs have not offered any evidence to dispute or contradict this fact. Instead, Plaintiffs argue that PREPA has not produced any evidence showing that the notifications were in fact received. Since the failure to receive the notifications does not necessarily entail that PREPA had failed to mail them, it follows that Plaintiffs' allegations, insofar as they relate to PREPA's mailing of the notifications, are "inherently incredible" and contain unreasonable inferences. See Ricci v. Alternative Energy Inc., 211 F.3d 157, 161 (1st Cir. 2000) ("Evidence presented on summary judgment may be 'inherently incredible' and so disregarded.") *(citation omitted)*; Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987) (stating that courts need not resolve conflicts in favor of the nonmoving party when the evidence presented is "inherently incredible").

Plaintiffs also contend that PREPA could have sent the notifications via certified mail, thus ensuring actual notice. (Docket No. 126). The Due Process Clause, however, does not require the use of certified mail. See Akey v. Clinton Cnty., N.Y., 375 F.3d 231, 235 (2d Cir. 2004) ("As notice by mail is deemed to be reasonably calculated to reach property owners, the state is not required to go further, *despite the slight risk*

*that notice sent by ordinary mail might not be received*.") (emphasis added).

In fact, the Supreme Court has noted that "certified mail is dispatched and handled in transit as ordinary mail," and, since the signature requirement of certified mail limits when this type of mail may be delivered, it follows that ordinary mail increases the possibility of actual notice. See <u>Snider Int'l Corp. v. Town of Forest Heights, Md.</u>, 739 F.3d 140, 148 (4th Cir. 2014) <u>cert. denied</u>, 134 S. Ct. 2667 (2014) (quoting <u>Jones</u>, 547 U.S. at 234-35). In any event, any advantages that certified mail may have over ordinary mail in terms of conferring actual notice do not justify making certified mail the constitutional threshold for due process purposes. <u>Id.</u> (quoting <u>Dusenbery</u>, 534 U.S. at 172) ("[O]ur cases have never held that improvements in the reliability of new procedures necessarily demonstrate the infirmity of those that were replaced.")).

In determining whether the type of notice provided is reasonably calculated to confer actual notice, it is safe to conclude that notice via ordinary mail satisfies the constitutional threshold of due process. In fact, where the identities of the recipients are known, such as here, due process requires "a serious effort to inform them personally of the [action], at least by *ordinary* mail to the record

addresses." Mullane, 339 U.S. at 316 (emphasis in original). This is exactly what PREPA did.

PREPA's mailing of the notifications to Plaintiffs' recorded address via regular mail satisfies the notice requirement of the Due Process Clause. Specifically, such mailing was reasonably calculated to effect actual notice since Plaintiffs had already received other notifications in the same address, including the scheduling order for the preliminary hearing, which Plaintiff Albizu-Merced attended, and the November 4, 2010 Resolution on the merits, to which Plaintiff Albizu-Merced objected by filing a motion for reconsideration. See Snider Int'l Corp., 739 F.3d at 147 (stating that "repeated success of first-class mail delivery suggests the reasonableness of this method . . . ."). Furthermore, PREPA did not get any of the notifications returned by the U.S. Postal Service as undeliverable. See id. ("[Defendant] lacked any indication, e.g. envelopes returned as undeliverable, that first-class mail could not reasonably provide actual notice.") (citations omitted).

Finally, there is no question that Plaintiffs had an opportunity to be heard. Not only did Plaintiffs attend the preliminary hearing, but they also filed a motion for reconsideration of the Administrative Judge's Resolution. Moreover, the availability of an appeal in state court also indicates that Plaintiffs had numerous opportunities to be

heard, as required by the Due Process Clause. Therefore, their due process claim relies exclusively on PREPA's alleged failure to provide adequate notice.

In fact, Plaintiffs do not allege that the administrative process delineated in Puerto Rico's Uniform Administrative Procedure Act is inadequate. Instead, Plaintiffs argue that PREPA's failure to send the notifications via certified mail and to enter default against them prior to the case's disposition violated some of the provisions in the Puerto Rico's Uniform Administrative Procedure Act. (Docket No. 126). While the Court is skeptical of Plaintiffs' interpretation of the Act, the Court need not determine whether PREPA complied with the requirements contained in such statutory provisions. This is because "[c]onduct violating state law without violating federal law will not give rise to a § 1983 claim." Snider Int'l Corp., 739 F.3d at 145. It follows that any possible violation of the Act by PREPA does not give rise to a cognizable claim under federal law.

In conclusion, "due process only requires notice of the pendency of the action and an opportunity to respond." Miner v. Clinton Cnty., N.Y., 541 F.3d 464, 474 (2d Cir. 2008) (citations omitted). Plaintiffs had both. Contrary to Plaintiffs' assertions throughout this case, due process "does not require . . . [sending] 'additional notices as each step in

the . . . proceedings [is] completed'." Id. (citations omitted). Therefore, after careful reconsideration of the parties' arguments, which for the most part were highly deficient in terms of citations and legal support, the Court concludes that Defendant is entitled to judgment as a matter of law.

As to Plaintiffs' state law claims, the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367. See Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims . . . will trigger the dismissal without prejudice of any supplemental state-law claims.") (citations omitted). In other words, since Defendant is entitled to judgment as a matter of law as to Plaintiffs' sole federal claim, the Court will not entertain Plaintiffs' state law claims in the absence of an independent basis for federal jurisdiction. See Acevedo-Lopez v. Police Dept. of the Commonwealth of Puerto Rico, 81 F. Supp. 2d 293, 297 (D.P.R. 2000).

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiffs' Motion in Limine, (Docket No. 134), but awards Plaintiffs the costs for bringing said motion and for responding to Defendant's Motion for Reconsideration. As to Defendants' Motion for Reconsideration, (Docket No. 141), the Court hereby

**GRANTS** it. Plaintiffs' due process claim is dismissed WITH PREJUDICE and their state law claims are dismissed WITHOUT PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of November, 2014.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge